1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH, INC., a Maryland corporation; COACH SERVICES, INC., a Maryland corporation,<br><br>    Plaintiffs,<br><br>        vs.<br><br>MELROSE CREATIONS, a California corporation; HSIU SUNG HUANG, an individual; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. CV10-7471-SVW (SHx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>Hon. Stephen J. Hillman |

CHRISTIE, PARKER & HALE, LLP

-1-

## SCOPE

1.      This Protective Order shall apply to all documents, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

2.      As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

## DESIGNATION

3.      Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY" in accordance with this Protective Order. The burden of establishing that Discovery Material is CONFIDENTIAL or ATTORNEYS' EYES ONLY as defined herein shall be on the Producing Party. The designation of any Discovery Information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4.      Discovery Material falling into one or more of the following categories may be designated as CONFIDENTIAL: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. Civ. P. 26(c) which shall only be disclosed to the parties to this litigation and their respective counsel, as set forth in

-2-

CHRISTIE, PARKER & HALE, LLP

1  paragraph 13 below. Such information should fall into one or more of the
2  following categories: (i) sales, marketing, or product or service development
3  strategies, tactics or plans; (ii) financial data; (iii) costs of doing business; (iv)
4  customer lists; (v) business agreements and contracts; (vi) licensing negotiations
5  and agreements; and (vii) third-party documents covered by an obligation of
6  confidentiality.

7       5.     Discovery Material falling into one or more of the following
8  categories may be designated as HIGHLY CONFIDENTIAL -- ATTORNEYS'
9  EYES ONLY: information (regardless of how generated, stored or maintained) or
10  tangible things that are extremely sensitive -- such as trade secrets or highly
11  sensitive business or product expansion plans or developments -- and whose
12  disclosure to any person other than the parties' respective outside counsel
13  (including any future outside counsel), as set forth in paragraph 14 below, would
14  create a substantial risk of serious injury that could not be avoided by less
15  restrictive means.

16       6.     The Producing Party may designate documents or other Discovery
17  Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY by placing either
18  of the following legends (or similar legends) on the document or thing:
19  CONFIDENTIAL or ATTORNEYS' EYES ONLY provided, however, that in the
20  event that original documents are produced for inspection, the Receiving Party
21  and Producing Party shall agree jointly upon a mechanism to place the
22  appropriate legend on the documents in the copying process. CONFIDENTIAL or
23  ATTORNEYS' EYES ONLY materials shall not include any document,
24  information or other materials that (a) are, at the time of disclosure, in the public
25  domain by publication or otherwise through no fault of the Receiving Party or (b)
26  are not under law entitled to be treated as confidential.

27       7.     Any party or non-party may designate discovery requests or
28  responses (and the information contained therein) as CONFIDENTIAL or as

-3-

CHRISTIE, PARKER & HALE, LLP

ATTORNEYS' EYES ONLY by placing either of the following legends (or similar legends) on the face of any such document:

"Contains CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL information is included";

or

"Contains ATTORNEYS' EYES ONLY information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose ATTORNEYS' EYES ONLY information is included." In the case of discovery requests or responses, a statement must also be included within the document specifying the portion(s) thereof designated as CONFIDENTIAL or as ATTORNEYS' EYES ONLY and the face of the document and those pages containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be so designated.

8.      Any party or non-party may designate depositions and other testimony (including exhibits) as CONFIDENTIAL or as ATTORNEYS' EYES ONLY by stating on the record at the time the testimony is given that the entire testimony or portions thereof shall be designated as CONFIDENTIAL or as ATTORNEYS' EYES ONLY. If entire testimony is designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, and the designating party later determines that only portions of the previously designated testimony should be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, the designating party shall, within 30 days of receipt of the transcript, de-designate those portions of the transcript that should not be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  In addition, a party may designate information disclosed at such deposition as CONFIDENTIAL or ATTORNEYS' EYES ONLY by notifying all of the parties in writing within fifteen (15) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as

CHRISTIE, PARKER & HALE, LLP

1    CONFIDENTIAL or ATTORNEYS' EYES ONLY. The following legends (or

2    similar legends) shall be placed on the front of any deposition transcript (and, if

3    videotaped, any copies of the videotape) containing CONFIDENTIAL or

4    ATTORNEYS' EYES ONLY information: "Contains CONFIDENTIAL

5    information. Designated parts not to be used, copied or disclosed except as

6    authorized by Court Order or the party or parties whose CONFIDENTIAL

7    information is included";

8        or

9        "Contains ATTORNEYS', EYES ONLY information. Designated parts not

10   to be used, copied or disclosed except as authorized by Court Order or the party

11   or parties whose ATTORNEYS' EYES ONLY information is included."

12        9.      Subject to any overriding rules imposed by the Court in this Action,

13   all CONFIDENTIAL or ATTORNEYS' EYES ONLY material, or an excerpt,

14   reproduction or paraphrase thereof, filed with the Court shall be filed under seal

15   in accordance with Local Civil Rule 79-5. If one party wishes to file or lodge

16   documents under seal, the other party shall not unreasonably withhold agreement

17   to such procedure. If an agreement is reached, the parties shall submit to the

18   Court a Stipulation and Proposed Order for such filing or lodging under seal. If no

19   such agreement is reached, then the proponent of lodging or filing under seal shall

20   submit an Application and Proposed Order pursuant to Local Rule 79-5.1. The

21   Producing Party bears the burden of proof to establish that the designated

22   information should be filed under seal. Where a moving party files and serves a

23   written application to file CONFIDENTIAL or ATTORNEYS' EYES ONLY

24   information under seal, and the moving party did not designate that information

25   as CONFIDENTIAL OR ATTORNEYS' EYES ONLY, the Producing Party may,

26   within 5 court days from the date that the moving party files its application, file

27   and serve supplemental papers supporting the Producing Party's contention that

28   the information should remain under seal. If the Court grants a party permission

CHRISTIE, PARKER & HALE, LLP

1  to file an item under seal, a duplicate disclosing all non-confidential information

2  shall be filed and made a part of the public record. The item shall be redacted to

3  eliminate confidential material from the document. The document shall be titled

4  to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of

5  Sealed Declaration of John Smith in Support of Motion for Summary Judgment."

6  The sealed and redacted documents shall be filed simultaneously.

### USE

8      10.    All Discovery Material produced in this case, including Discovery

9  Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be

10  used only in preparation for, and in, the trial of this Action or any appeal

11  therefrom and cannot be used for any other purpose including, but not limited to,

12  any other litigation, arbitration or claim. Nothing in this Protective Order shall

13  preclude a Producing Party from using or disseminating its own

14  CONFIDENTIAL or ATTORNEYS' EYES ONLY material.

15      11.    All material designated CONFIDENTIAL or ATTORNEYS' EYES

16  ONLY shall be protected from disclosure as specified herein, unless a party

17  obtains an Order of the Court declaring that all or certain portions of such

18  Discovery Material are not, in fact, protected.

19      12.    Third parties may (i) designate deposition transcripts of their

20  witnesses and any documents or information they produce, whether voluntarily or

21  by subpoena, CONFIDENTIAL or ATTORNEYS' EYES ONLY to the same

22  extent and in the same manner as parties to this Action and any such materials

23  and information shall be treated by the parties to this Action in the same manner

24  as materials and information so designated by a party, and (ii) intervene in this

25  Action to enforce the provisions of this Protective Order as if they were a party.

### DISCLOSURE

27      13.    Unless otherwise directed by the Court or authorized in writing by

28  the Producing Party, Discovery Material designated as CONFIDENTIAL may be

-6-

CHRISTIE, PARKER & HALE, LLP

disclosed by the Receiving Party only to the following persons:

(a)   any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings, and the parties agree to identify those outside attorneys on request if not identified specifically on pleadings);

(b)   support personnel for attorneys listed in sub-paragraph (a) above, including law clerks, analysts, paralegals, interpreters, translators, secretaries, and clerical staff employed by any attorney identified in subparagraph (a) and assisting in connection with this Action;

(c)   any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

(d)   Officers, directors and employees of the Parties hereto who have a need to review Material designated as CONFIDENTIAL to assist in connection with this litigation, subject to the limitations set forth herein;

(e)   any non-party interpreter, translator, or court or other shorthand reporter, videographer or typist translating, recording or transcribing testimony and who is not an employee of a Party or an employee of an affiliate of a Party;

(f)   service contractors (such as document copy services), jury consultants and graphic artists;

(g)   any person who authored and/or was an identified original recipient of the particular CONFIDENTIAL material sought to be disclosed to that person, or any deponent where the examining attorney has a good faith basis to believe the deponent is aware of the particular CONFIDENTIAL material sought to be disclosed;

(h)   personnel of the Court, including Mediators (and their assistants) assigned by the Court and all appropriate courts of appellate jurisdiction; and

-7-

(i)     any person agreed to by the Producing Party in writing.

CONFIDENTIAL material shall not be disclosed to persons described in paragraphs 13 (b), (c), (d), (e) (with respect to non-party interpreters or translators), (f), (g) (with respect to any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular ATTORNEYS' EYES ONLY material) or (i), unless and until such person has executed the affidavit in the form attached as Exhibit A. CONFIDENTIAL material shall not be disclosed to any person unless such person is authorized to receive CONFIDENTIAL material pursuant to Paragraphs 13 and 15 of this Protective Order.

14.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as ATTORNEYS' EYES ONLY may be disclosed by the Receiving Party only to the following persons:

(a)     any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings and the parties agree to identify those outside attorneys on request if not identified specifically on pleadings);

(b)     support personnel for attorneys listed in sub-paragraph (a) above, including law clerks, analysts, paralegals, secretaries, interpreters, translators, and clerical staff employed by any attorney identified in subparagraph (a) and assisting in connection with this Action;

(c)     any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

(d)     any non-party interpreter, translator, or court or other shorthand reporter, videographer or typist translating, recording or transcribing testimony and who is not an employee of a Party or an employee of an affiliate of a Party;

-8-

(e)   service contractors (such as document copy services), jury consultants and graphic artists;

(f)   any person who authored and/or was an identified original recipient of the particular ATTORNEYS' EYES ONLY material sought to be disclosed to that person or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular ATTORNEYS' EYES ONLY material sought to be disclosed;

(g)   personnel of the Court and all appropriate courts of appellate jurisdiction; and

(h)   any person agreed to by the Producing Party in writing.

ATTORNEYS' EYES ONLY material shall not be disclosed to persons described in paragraphs 14 (b), (c), (d) (with respect to non-party interpreters or translators), (e), (f) (with respect to any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular ATTORNEYS' EYES ONLY material) or (h), unless and until such person has executed the affidavit in the form attached as Exhibit A. ATTORNEYS' EYES ONLY material shall not be disclosed to any person unless such person is authorized to receive ATTORNEYS' EYES ONLY material pursuant to Paragraphs 15 and 16 of this Protective Order.

15.   At least seven (7) days before the disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY material of the Producing Party is made to an individual above in Paragraph 13, sub-paragraph (c) or Paragraph 14, sub-paragraph (c), and where that individual is either (1) employed in the handbag and/or handbag accessories market, other than solely as a litigation expert or consultant (including survey experts and academics retained as expert witnesses), or (2) currently involved in providing goods and services to the handbag and/or handbag accessories market, other than solely as a litigation expert or consultant (including survey experts and academics retained as expert

CHRISTIE, PARKER & HALE, LLP

1   witnesses), an attorney for the Receiving Party shall serve a Notice on the
2   Producing Party identifying said individual by name and including a curriculum
3   vitae or equivalent resume setting forth such person's present residence and
4   business addressees), current employer and job title, any company or companies
5   by which that individual was employed during the past five (5) years, and a list of
6   all consulting agreements or arrangements that said individual may have entered
7   into during the past five (5) years. The list should disclose the name and address
8   of each such entity for which consulting work is being, or has been, performed,
9   and the subject matter of that consulting work. If disclosure of either the identity
10  of the entity for which the work is being performed or the subject matter of that
11  work, or both, is deemed proprietary by the Receiving Party, then the fact that
12  certain information is being withheld on the basis that it is proprietary shall be
13  disclosed by the Receiving Party, and any such information that is not deemed
14  proprietary shall be disclosed. Such notice shall be accompanied by an executed
15  acknowledgment from the individual to whom the disclosure is to be made, in the
16  form of Exhibit A attached hereto. In the event that said individual enters into any
17  subsequent consulting agreements or arrangements during the course of this
18  litigation, the Receiving Party shall promptly notify the Producing Party of such
19  agreements or arrangements. The Producing Party shall state any objections to the
20  proposed disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY
21  information to any individual described in Paragraph 13, sub-paragraph (c) or
22  Paragraph 14, subparagraph (c), and state the reasons therefore in writing to the
23  Receiving Party within six (6) days of receipt of the Notice. Upon the making of
24  any such objection(s), the Producing Party shall have ten (10) days (or any
25  additional time which may be agreed upon by the parties or granted by the Court)
26  from sending its objection(s) in which to challenge, by filing an expedited
27  motion, the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY
28  information. Unless the Producing Party objects to the disclosure and files an

-10-

1   expedited motion in accordance with the Notice and timing provisions of this

2   Paragraph 15 and Paragraph 29, the Producing Party waives its right to challenge

3   the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information

4   to the identified individual(s), and the individual identified in the Notice shall be

5   considered a qualified recipient of CONFIDENTIAL or ATTORNEYS' EYES

6   ONLY material under the terms of this Protective Order. Should the Producing

7   Party properly object and file its expedited motion, CONFIDENTIAL or

8   ATTORNEYS' EYES ONLY material will not be disclosed pending resolution of

9   the expedited motion. Before the disclosure of any CONFIDENTIAL or

10  ATTORNEYS' EYES ONLY material of the Producing Party is made to an

11  individual described above in Paragraph 13, sub-paragraph (c) or Paragraph 14,

12  subparagraph (c), an attorney for the Receiving Party shall obtain from each such

13  person an executed copy of the affidavit attached as Exhibit A and shall thereafter

14  retain such executed affidavits at least until the Termination of this Action

15  (defined below).

16        16.   The recipient of any CONFIDENTIAL or ATTORNEYS' EYES

17  ONLY material that is provided under this Protective Order shall maintain such

18  information in a secure and safe area and shall exercise the same standard of due

19  and proper care with respect to the storage, custody, use and/or dissemination of

20  such information as is exercised by the recipient with respect to its own

21  proprietary information.

22                        **EXEMPTED MATERIALS**

23        17.   None of the provisions of this Protective Order shall apply to the

24  following categories of documents and information, and any party may seek to

25  remove the restrictions set forth herein on the ground that information designated

26  as CONFIDENTIAL or ATTORNEYS' EYES ONLY has/had been:

27        (a)   in the public domain at the time of its production hereunder;

28        (b)   in the public domain after the time of its production through no act,

-11-

CHRISTIE, PARKER & HALE, LLP

1   or failure to act, on behalf of the Receiving Party, its counsel, representatives or
2   experts;
3       The parties will use their best efforts to resolve any dispute under this
4   Paragraph 17 before involving the Court.
5       18.   None of the limitations on disclosure of this Protective Order shall
6   apply to the following category of documents and information, and any party may
7   seek to remove the restrictions set forth herein on the ground that:
8       (a)   information designated CONFIDENTIAL or ATTORNEYS' EYES
9   ONLY does not fall within the definitions of "CONFIDENTIAL" or
10  "ATTORNEYS' EYES ONLY" set forth in Paragraphs 4, 5 and 6 above. The
11  Producing Party shall have the burden of proof of establishing that Discovery
12  Material challenged under this Paragraph constitutes CONFIDENTIAL or
13  ATTORNEYS' EYES ONLY Discovery Material as defined in Paragraphs 4, 5
14  and 6.

15              **INADVERTENT PRODUCTION/DESIGNATION**

16      19.   The inadvertent production of documents subject to the attorney-
17  client privilege or the attorney work-product doctrine will not waive the attorney-
18  client privilege or the attorney work-product doctrine. In addition, the fact that a
19  document was inadvertently produced shall not be used in any manner or
20  evidence in support of any such alleged waiver.  Upon a request from a party that
21  has inadvertently produced any document which it believes may be subject to the
22  attorney-client privilege or attorney work-product doctrine, each party receiving
23  said document shall return it and all copies within three (3) business days to the
24  Producing Party. Nothing herein shall prevent the Receiving Party from preparing
25  a record for its own use containing the date, author, address(es), and topic of the
26  document and such other information as is reasonably necessary to identify the
27  document and describe its nature to the Court in any motion to compel production
28  of the document. Such a record of the identify and nature of a document may not

CHRISTIE, PARKER & HALE, LLP

be used for any purpose other than preparation of a motion to compel in this Action. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

20.    The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL or as ATTORNEYS' EYES ONLY shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL or ATTORNEYS' EYES ONLY within seven (7) days from when the failure to designate first became known to the Producing Party. The party receiving Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate. Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph 20, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under Paragraphs 13 through 16 of this Protective Order. If data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this Paragraph 20, to the extent possible, the information and/or data will be expunged and not used, or used only to the extent allowed under this Protective Order pursuant to its new confidentiality designation.

21.    In the event of disclosure of Discovery Materials designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to any person not authorized to such access under this Protective Order, the party responsible for having made

-13-

1   such disclosure, and each party with knowledge thereof, shall immediately inform

2   counsel for the party whose Discovery Material has been disclosed of all known

3   relevant information concerning the nature and circumstances of the disclosure.

4   The party responsible for improperly disclosing such Discovery Material shall

5   also promptly take all reasonable measures to retrieve the improperly disclosed

6   Discovery Material and to ensure that no further or greater unauthorized

7   disclosure and/or use thereof is made.

8   ### USE IN COURTROOM PROCEEDINGS

9   22.   In the event that any CONFIDENTIAL or ATTORNEYS' EYES

10  ONLY material is to be used in any court proceeding, the Producing Party may

11  seek an appropriate protective order from the Court before its introduction, and in

12  any event, it shall not lose its confidentiality status through such use, and the

13  parties shall take all steps reasonably required to protect its confidentiality during

14  such use.

15  ### OBJECTION TO DESIGNATIONS

16  23.   Any party may object to the designation by the Producing Party of

17  any material as CONFIDENTIAL or as ATTORNEYS' EYES ONLY. The

18  process for making such an objection and for resolving the dispute shall be as

19  follows:

20  (a)   The objecting party shall notify the Producing Party in writing as to

21  its objection(s) to the designations. This notice shall include, at a minimum, a

22  specific identification of the designated material objected to as well as the

23  reason(s) for the objection, the designation that the objecting party contends is

24  appropriate (*i.e.*, ATTORNEYS' EYES ONLY, CONFIDENTIAL, non-

25  confidential), and any authority that the objecting party believes is dispositive

26  concerning the dispute.

27  (b)   The Producing Party shall thereafter confer either in person or by

28  telephone with the objecting party (as well as any other interested party) in a good

-14-

CHRISTIE, PARKER & HALE, LLP

1   faith effort to resolve the dispute within five days of receiving notice from the

2   objecting party.

3        (c)    Failing agreement, the Producing Party shall, within ten calendar

4   days of meeting and conferring with the objecting party, serve its portion of a

5   joint stipulation and all supporting papers, pursuant to Local Rule 37, setting forth

6   its contentions as to why the CONFIDENTIAL or ATTORNEYS' EYES ONLY

7   designation is appropriate.  Pursuant to Local Rule 37, the objecting party will

8   serve its portion of the joint stipulation and all supporting papers within seven

9   days after being served with the Producing Party's portion.  The objecting party

10   will provide its portion of the joint stipulation electronically in Word format.  The

11   Producing Party shall then file the joint stipulation, along with its motion to

12   maintain the designation and both sides' supporting papers, within ten calendar

13   days from the day it served its portion of the joint stipulation.

14        If the Producing Party fails to file its motion within ten calendar days from

15   the day it served its portion of the joint stipulation, including any extensions, and

16   if the objecting party has otherwise complied with its obligations under this

17   Paragraph 23 and under Local Rule 37, then the Discovery Material whose

18   designation is being challenged shall be treated as if it bears the designation the

19   objecting party contends is appropriate according to the objecting party's notice

20   served pursuant to Paragraph 23(a).

21        On any motion brought in accordance with this Paragraph 23(c), the

22   Producing Party bears the burden to establish that the Discovery Material is

23   CONFIDENTIAL or ATTORNEYS' EYES ONLY and entitled to such

24   protection under this Protective Order.  Notwithstanding any such challenge to

25   the designation of material as CONFIDENTIAL or ATTORNEYS' EYES ONLY,

26   all such material so designated shall be treated as such and shall be subject to the

27   provisions of this Protective Order until one of the following occurs: (a) the party

28   who designated the material as CONFIDENTIAL or ATTORNEYS' EYES

CHRISTIE, PARKER & HALE, LLP

1   ONLY withdraws such designation in writing, (b) the Court rules that the
2   designation is not proper and that the designation be removed, or (c) the
3   Producing Party fails to comply with the procedure for filing a motion stated
4   above.

## RETURN/DESTRUCTION OF MATERIALS

5
6   24.   Not later than sixty (60) days after the Termination of this Action
7   (defined below) all CONFIDENTIAL or ATTORNEYS' EYES ONLY material,
8   including all copies and derivative works thereof, shall be returned to the
9   Producing Party or, with advance written consent of the Producing Party,
10  destroyed. The party receiving any CONFIDENTIAL or ATTORNEYS' EYES
11  ONLY material shall certify in writing that all such material, including
12  CONFIDENTIAL or ATTORNEYS' EYES ONLY material disclosed hereunder,
13  has been returned or destroyed. The Court and its personnel are not subject to this
14  provision.

## MISCELLANEOUS PROVISIONS

15
16  25.   This stipulated Protective Order shall not prevent a party from
17  seeking additional protection of information for which the protection of this
18  Protective Order is not believed by such party to be adequate. The parties,
19  however, may not withhold the production of information solely on the basis of a
20  confidentiality objection once this Order is effective. If a party wishes to seek
21  additional protections beyond those contained within this Protective Order, the
22  burden is on that party to file a motion with the Court seeking such additional
23  protections.

24  26.   The entry of this Protective Order shall not be construed as a waiver
25  of any right to object to the furnishing of information in response to discovery
26  and, except as expressly provided, shall not relieve any party of the obligation of
27  producing information in the course of discovery.

28  27.   If at any time CONFIDENTIAL or ATTORNEYS' EYES ONLY

-16-

CHRISTIE, PARKER & HALE, LLP

material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such CONFIDENTIAL or ATTORNEYS' EYES ONLY material and shall provide each such party with an opportunity to object to the production of CONFIDENTIAL or ATTORNEYS' EYES ONLY materials. If the Producing Party does not move for a protective order within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the ten (10) day notice period, such material in response thereto.

28. Counsel for any party to this Protective Order shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Protective Order to receive materials or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL or ATTORNEYS' EYES ONLY material.

29. All notices required by any paragraphs of this Protective Order are to be made by facsimile or electronic mail to counsel representing the noticed party. The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.

Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by an attorney for the Producing Party. All specified time periods are in calendar days unless otherwise indicated.

30. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or ATTORNEYS' EYES ONLY material produced or

-17-

CHRISTIE, PARKER & HALE, LLP

1   exchanged in this Action; provided, however, that in rendering such advice and in

2   otherwise communicating with his or her client, the attorney shall not disclose the

3   content of CONFIDENTIAL or ATTORNEYS' EYES ONLY material produced

4   by any other party or non-party.

5       31.   Stipulation to and entry of this Protective Order shall not constitute a

6   waiver of the right of any party to claim in this Action or otherwise that any

7   documents, or any portion thereof, are privileged or otherwise non-discoverable,

8   or are not admissible in evidence in this Action or any other proceeding.

9       32.   All persons receiving CONFIDENTIAL or ATTORNEYS' EYES

10   ONLY materials are enjoined from producing them to any other persons, except

11   in conformance with this Protective Order. Each individual who receives

12   CONFIDENTIAL or ATTORNEYS' EYES ONLY material agrees to subject

13   himself/herself to the jurisdiction of this Court for the purpose of any proceedings

14   relating to the performance under, compliance with, or violation of this Protective

15   Order.

16       33.   For purposes of this Protective Order, "Termination of this Action"

17   is defined to mean the exhaustion of all appeals from orders and final judgments

18   in this Action or the settlement of this Action by the parties.

19       34.   The parties agree that the terms of this Protective Order shall survive

20   and remain in effect after the Termination of this Action. The Court shall retain

21   jurisdiction to hear disputed arising out of this Protective Order.

22       35.   Any party may move at any time to modify the terms of this

23   Protective Order. A party seeking to modify this Protective Order shall request

24   only the minimum modification as is reasonably necessary to address the grounds

25   upon which its motion to modify is based.

26       36.   Any headings used in this Protective Order are for reference purpose

27   only and are not to be used to construe or limit the meaning of any provision.

28

-18-

CHRISTIE, PARKER & HALE, LLP

1    IT IS SO ORDERED.

2

3    Dated: _____2/15/11_____           _____

4                                        The Honorable Stephen J. Hillman
                                         United States Magistrate Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CHRISTIE, PARKER & HALE, LLP

-19-

## EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full company name and

address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on _____ [date] in

the case of Coach, Inc. and Coach Services, Inc. v. Melrose Creations, Inc. and

Hsiu Sung Huang, Case No. CV09-7471 SVW (SHx).  I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order, and I understand

and acknowledge that failure to comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not

disclosure in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed Name: _____


Signature: _____

-20-

CHRISTIE, PARKER & HALE, LLP

## CERTIFICATE OF SERVICE

I certify that on February 11, 2011, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as **[PROPOSED] PROTECTIVE ORDER** was served on the parties in this action by U.S. MAIL addressed as follows:

Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Los Angeles, California 90038

email: bblakely@blakelylawgroup.com
cchan@blakelylawgroup.com

Tel: 323-464-7400; Fax: 323-464-7410

*Attorneys for Plaintiffs,*
*Coach, Inc. and Coach Services, Inc.*

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on February 11, 2011 at Pasadena, California.

Roxanne Gaines

CHRISTIE, PARKER & HALE, LLP